UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

       Plaintiff,               Criminal No. 18-cr-20828

v.

                                      Hon. Matthew F. Leitman

Marelle Dye,

       Defendant.

---

## STIPULATED PRELIMINARY ORDER OF FORFEITURE

---

The United States of America, by and through its attorneys, Matthew Schneider, United States Attorney for the Eastern District of Michigan, and Adriana Dydell, Assistant United States Attorney, together with Defendant Marelle Dye ("Defendant"), individually and by and through his attorney, Charles Grossmann, submit this Stipulated Preliminary Order of Forfeiture to the Court and stipulate and agree to the following:

1.    The United States of America (the "United States") obtained a felony Indictment on or around December 19, 2018, which charged Defendant with Counts One through Eight, Distribution of Cocaine Base in violation of 21 U.S.C. § 841(a)(1), Count Nine, Possession with Intent

to Distribute Cocaine Base in violation of 21 U.S.C. § 841(a)(1) and Count Ten, Felon in Possession of Firearm, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 10). The Indictment contains forfeiture allegations under 21 U.S.C. § 853 and 18 U.S.C. § 924(d). Specifically, the United States identified a Ruger Model 9E 9mm semi-automatic handgun bearing serial number 33731985 and Kel-Tec Model Sub 2000 9mm semi-automatic assault rifle bearing serial number EW561.

2.      On or about April 25, 2019, Defendant pleaded guilty to Counts Nine and Ten of the Indictment.

3.      In his Rule 11 Plea Agreement ("Rule 11"), Defendant agreed to forfeit the following firearms as property involved in violation of 18 U.S.C. § 922(g) under 18 U.S.C. § 924(d).

1.  Ruger, Model 9E, 9mm, semiautomatic handgun, serial number 33731985, and

2.  Kel-Tec, Model Sub 2000, 9mm, semiautomatic assault rifle, serial number EW561.

("Subject Property").

4.      In the Rule 11, Defendant agreed to the entry of one or more orders of forfeiture of the Subject Property.

5.     In the Rule 11, Defendant acknowledged his understanding that forfeiture is part of the sentence that may be imposed on him in this case and waived his right to challenge any failure by the court to advise him of this pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J). Defendant also expressly waived his right to have a jury determine the forfeitability of his interest in the Subject Property under Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure.

6.     In his Rule 11, Defendant knowingly, voluntarily, and intelligently waived any challenge to the forfeiture of the Subject Property based on the Excessive Fines Clause of the Eighth Amendment.

7.     Defendant agrees that this order shall be final as to his interest in the Subject Property at entry. Defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, pronouncement of forfeiture at sentencing, and incorporation of forfeiture in the judgment.

Based on the Indictment, Defendant's conviction, the Rule 11 Plea Agreement, this Stipulation, and other information in the record, and under 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), the Subject Property

**IS FORFEITED** to the United States for disposition according to law, and any right, title or interest of Defendant, and any right, title or interest that his heirs, successors or assigns have, or may have, in any of the Subject Property is **FOREVER EXTINGUISHED**.

**THIS COURT FURTHER ORDERS** that pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), this Stipulated Preliminary Order of Forfeiture shall become final as to Defendant at entry and forfeiture of the Subject Property shall be made part of the Defendant's sentence in this case and included in the Judgment.

**THIS COURT FURTHER ORDERS** that upon entry of this Stipulated Preliminary Order of Forfeiture, and pursuant to 21 U.S.C. § 853(n), Rule 32.2 of the Federal Rules of Criminal Procedure, and other applicable rules, the United States shall publish notice of this Stipulated Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property on www.forfeiture.gov for at least thirty (30) consecutive days. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in any of the Subject Property. The aforementioned notice shall direct that any person, other than Defendant, asserting a legal interest in any

of the Subject Property must file a petition with the Court within thirty (30) days of the final date of publication of notice or within thirty (30) days of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in any identified Subject Property. Any petition filed by a third party asserting an interest in any of the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in any identified Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in any identified Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

**THIS COURT FURTHER ORDERS** that after the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

**THIS COURT FURTHER ORDERS** that if no third party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Stipulated Preliminary Order of Forfeiture shall become the Final Order of Forfeiture and the United States shall have clear title to the Subject Property as provided in 21 U.S.C. § 853(n)(7) and Federal Rule of Criminal Procedure 32.2(c)(2). If a third party files a petition for ancillary hearing for any of the Subject Property, the Court shall enter an Amended Order of Forfeiture that addresses the disposition of the third party petition as provided under Federal Rule of Criminal Procedure 32.2(c)(2).

**THIS COURT FURTHER ORDERS** that after this Stipulated Preliminary Order of Forfeiture becomes the Final Order of Forfeiture and/or after the Court enters an Amended Order of Forfeiture that addresses the disposition of any third party petition(s), the United States shall have clear title to the Subject Property and shall be authorized to dispose of the Subject Property as prescribed by law.

[*This section intentionally left blank.*]

**THIS COURT FURTHER ORDERS** that it retains jurisdiction

to enforce this Order, and to amend it as necessary, pursuant to Federal

Rule of Criminal Procedure 32.2(e).

Agreed as to form and substance:

MATTHEW SCHNEIDER
United States Attorney

| | |
|---|---|
| S/Adriana Dydell | S/Charles Grossman |
| Adriana Dydell | Charles Grossmann |
| Assistant United States Attorney | Attorney for Defendant |
| 211 W. Fort Street, Suite 2001 | 452 S. Saginaw Street, Ste 302 |
| Detroit, MI 48226 | Flint, MI 48502-1833 |
| (313) 226-9125 | (810) 232-0553 |
| adriana.dydell@usdoj.gov | cgrossmann702@hotmail.com |
| [CA Bar No 239516] | [P24522] |

Dated: April 25, 2019                                    Dated: April 25, 2019


(Signature page attached)
Marelle Dye
Defendant

Dated: April ____, 2019

*******************************************

**IT IS SO ORDERED.**

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  April 26, 2019

**THIS COURT FURTHER ORDERS** that it retains jurisdiction

to enforce this Order, and to amend it as necessary, pursuant to Federal

Rule of Criminal Procedure 32.2(e).

Agreed as to form and substance:

MATTHEW SCHNEIDER
United States Attorney

S/Adriana Dydell
Adriana Dydell
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9125
adriana.dydell@usdoj.gov
[CA Bar No 239516]

Dated: April 26 , 2019

Charles Grossmann
Attorney for Defendant
452 S. Saginaw Street, Ste 302
Flint, MI 48502-1833
(810) 232-0553
cgrossmann702@hotmail.com
[P24522]

Dated: April 25 , 2019

Marelle Dye
Defendant

Dated: April ____, 2019

*********************************************