UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 18-cr-20828
    Hon. Matthew F. Leitman

MARELLE DYE,

    Defendant.

_____/

## ORDER TO SUPPLEMENT MOTION FOR COMPASSIONATE RELEASE (ECF No. 27)

Defendant Marelle Dye is federal prisoner who is currently incarcerated at FCI Oxford in Oxford, Wisconsin. On April 25, 2019, Dye pleaded guilty in this Court to one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (*See* Rule 11 Plea Agmt., ECF No. 20.) The Court subsequently sentenced Dye to 55 months imprisonment. (*See* Judgment, ECF No. 25.)

On September 17, 2020, Dye sent a letter to this Court in which he asked for release from custody due to his medical conditions and the ongoing COVID-19 pandemic. (*See* Ltr., ECF No. 27.) The Court will construe Dye's letter as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Under Section

1

3582(c)(1)(A), a defendant may not file a motion for compassionate release until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." The exhaustion requirement in Section 3582(c)(1)(A) is "mandatory" and is not subject to any "judge-made exceptions." *United States v. Alam*, 960 F.3d 831, 833–36 (6th Cir. 2020).

Dye has not given the Court enough information to determine whether he has satisfied this exhaustion requirement. Therefore, the Court **DIRECTS** Dye to file a supplement to his motion that informs the Court whether he has submitted a written request for compassionate release to the warden at FCI Oxford. If Dye has submitted a written request for compassionate release to the warden at FCI Oxford, then Dye shall also inform the Court of the date on which he submitted the request, whether the warden responded to the request, and the date of the warden's response (if any).

If either (1) Dye has not submitted a request for compassionate release to the warden, or (2) Dye has submitted such a request but 30 days have not lapsed since the warden received his request, then the Court will dismiss his current motion (ECF No. 27) without prejudice. In that event, Dye would be permitted to file a motion seeking compassionate release upon exhausting his remedies with the warden.

Additionally, Dye has not given the Court enough information to determine whether he is otherwise qualified for compassionate release. Accordingly, the Court **DIRECTS** Dye to use his supplement to also inform the Court why he believes he qualifies for compassionate release.

**IT IS SO ORDERED**.

    s/Matthew F. Leitman
    MATTHEW F. LEITMAN
    UNITED STATES DISTRICT JUDGE

Dated: September 28, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 28, 2020, by electronic means and/or ordinary mail.

    s/Holly A. Monda
    Case Manager
    (810) 341-9761